## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MIGUEL RIVERA, | ) | CASE NO. 3:24-cv-1462 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF CORRECTIONS, ET AL., | ) | NOVEMBER 13, 2024 |
| | ) | |
| *Defendants*. | ) | |

## <u>INITIAL REVIEW ORDER</u>

Kari A. Dooley, United States District Judge:

Plaintiff, Miguel Rivera, a sentenced inmate currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut ("MacDougall-Walker"), filed the Complaint *pro se* pursuant to 42 U.S.C. § 1983 against nine Defendants: the Department of Correction ("DOC"), LPN Magaly Alicea, APRN Kathleen Kang, PA Kevin McCrystal, Dr. Richard G. William, UConn Health Center ("UConn Health"), RN Jane Doe, RN Hector, and S. Whyte.[1] *See* ECF No. 1. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs when they failed to provide him with testing results and/or treatment for his suspected sexually transmitted diseases ("STDs"), in violation of the First, Eighth, Ninth, and Fourteenth Amendments. *Id.* Plaintiff seeks damages, as well as declaratory and injunctive relief, from all Defendants in their individual and official capacities. *Id.*

The Prison Litigation Reform Act ("PLRA") requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a

---

[1] For ease of reference, the Court has divided the seven individual Defendants into two sub-groups, based upon Plaintiff's pretrial detention and posttrial incarceration at two separate prison facilities: the HCC Defendants (McCrystal, Doe, and Hector) and the Cheshire Defendants (Alicea, Kang, William, and Whyte).

governmental entity.  *See* 28 U.S.C. § 1915A(a).  Upon review, the Court must dismiss a complaint, or any portion of a complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  The Court has thoroughly reviewed the Complaint and conducted an initial review of the allegations set forth therein pursuant to 28 U.S.C. § 1915A.  As set forth herein, the Complaint is **DISMISSED** without prejudice.

**Facts[2]**

Plaintiff alleges that while incarcerated at Hartford Correctional Center ("HCC"), he noticed "an outbreak within his genitals" and became concerned that he may have contracted herpes, syphilis, or hepatitis-C.  *See* ECF No. 1 at ¶ 14.  Consequently, on January 7, 2024, January 9, 2024, and January 17, 2024, Plaintiff submitted requests to medical staff at HCC regarding his concerns over these three diseases, as well as an unusually severe headache.  *Id.* at ¶¶ 15–17.  Plaintiff alleges that his requests were ignored.  *Id.*  On March 5, 2024, Plaintiff was sentenced and transferred to Cheshire Correctional Institution ("Cheshire").  *Id.* at ¶ 18.  Plaintiff informed Cheshire medical staff about his severe headache and requested an MRI.  *Id.* at ¶ 19.  Plaintiff alleges that "[t]he medical staff of [Cheshire] has filed to provide [him] with adequate blood/fluid, STDs/Disease results" and has further refused to provide treatment for the "STDs/Disease."  *Id.* at ¶¶ 20–24.

**Discussion**

The Complaint purports to assert the following causes of action: (1) an Eighth Amendment "cruel and unusual punishment" claim against Defendants Doe, Hector, McCrystal, Department of

---

[2]  For the purposes of its initial review, the Court accepts as true the factual allegations set forth in the Complaint.

Correction, and UConn Health Care, arising from their refusal to evaluate or treat Plaintiff; (2) a "cruel and unusual punishment" and deliberate indifference to medical needs claim arising under the First, Eighth, Ninth, and Fourteenth Amendments against Defendants Doe, Hector, McCrystal, Whyte, Alicea, Kang, and William, based upon their denial of Plaintiff's requests for evaluation and treatment; and (3) a "human rights" claim arising under the Eighth, Ninth and Fourteenth Amendments against Defendants DOC and UConn Health, for their failure to respond appropriately to Plaintiff's medical circumstances. *See id.* at 4. In light of Plaintiff's status as a *pro se* litigant, and for the sake of clarity, the Court has liberally construed the Complaint as asserting deliberate indifference to medical needs claims against all Defendants, arising under either the Eighth or Fourteenth Amendment.[3]

<u>Defendants DOC and UConn Health</u>

As an initial matter, the Court concludes that Plaintiff's claims against both the DOC and UConn Health must be dismissed, insofar as neither Defendant may be sued under Section 1983. Indeed, it is well-settled that the DOC, as a state agency, is not subject to suit under Section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agencies cannot be sued under section 1983); *Bhatia v. Connecticut Dep't of Children & Families*, 317 F. App'x 51, 52 (2d

---

[3] To the extent the Complaint invokes the First and Ninth Amendments, any purported claims stemming therefrom are plainly subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff's allegations explicitly pertain to concerns with his medical care while at HCC and Cheshire. While the First Amendment protects an inmate's right to freedom of speech, *see Giano v. Senkowski*, 54 F.3d 1050, 1052–53 (2d Cir. 1995), to send and receive legal mail and social correspondence, *see Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003), and to freely exercise religion and have meals that comport with religious requirements, *see Washington v. McKoy*, 816 F. App'x 570, 573 (2d Cir. 2020), it does not guarantee a particular level of inmate medical care. Nor can the Complaint be construed as alleging that the Defendants' conduct was in retaliation for Plaintiff's exercise of his rights under the First Amendment. Likewise, courts in this Circuit have generally found the Ninth Amendment inapplicable to prisoner Section 1983 actions. *See Muniz v. Goord*, No. 04-CV-0479, 2007 WL 2027912, at *9 (N.D.N.Y. July 11, 2007) (Ninth Amendment protects rights not otherwise enumerated in the Constitution, and prisoners' right to adequate medical care, is protected by the Eighth Amendment). Though the Ninth Amendment has been construed to apply to claims for disclosure of prisoners' private medical or mental health information, Plaintiff makes no such allegations here. *Cf. id.*

Cir. 2009) (same).  Likewise, the Court finds that UConn Health, a hospital affiliated with the University of Connecticut, is not a "person" within the purview of Section 1983.  *See Gaby v. Board of Trustees of Community Technical Colleges*, 348 F.3d 62, 63 (2d Cir. 2003) (*per curiam*) (collecting cases holding that state universities and their boards of trustees are not persons within the meaning of Section 1983); *Stewart v. John Dempsey Hospital*, No. 3:03-CV-1703 (WWE), 2004 WL 78145, at *2 (D. Conn. Jan. 9, 2004) (John Dempsey Hospital University of Connecticut Health Center not a person within the meaning of Section 1983).  Accordingly, Plaintiff's claims against the DOC and UConn Health are dismissed.

Eighth and Fourteenth Amendment Claims

Liberally construed, the Complaint asserts deliberate indifference to medical needs claims arising under the Eighth and Fourteenth Amendments, based on Plaintiff's pretrial detention at HCC as well as his post-sentence incarceration at Cheshire.  *See* ECF No. 1.  Deliberate indifference claims brought by sentenced inmates are analyzed under the Eighth Amendment, while deliberate indifference claims brought by pretrial detainees are examined under the Fourteenth Amendment.  *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).  While the Complaint does not appear to group Plaintiff's deliberate indifference claims accordingly, *see* ECF No. 1 at ¶ 26, the Court has nonetheless construed the Complaint as asserting Fourteenth Amendment claims against the HCC Defendants and Eighth Amendment claims against the Cheshire Defendants.

A claim for deliberate indifference to serious medical needs has two components.  The first component is objective and is evaluated the same under the Eighth and Fourteenth Amendments. *See Darnell*, 849 F.3d at 25.  It requires a plaintiff to show that his purported medical need was

"sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Indeed, "[t]o prevail on either an Eighth Amendment or Fourteenth Amendment claim, a plaintiff must first satisfy an objective element that the conditions of confinement, 'either alone or in combination, pose an unreasonable risk of serious damage to his health.'" *Galasso v. New Haven Corr. Ctr.*, No. 3:23-CV-29 (VAB), 2023 WL 2457582, at *2 (D. Conn. Mar. 10, 2023) (quoting *Darnell*, 849 F.3d at 30); *see also Darby v. Greenman*, 14 F.4th 124, 132 (2d Cir. 2021) (Carney, J., dissenting) ("To state a claim under § 1983 as to either [the Eighth or Fourteenth Amendment], [Plaintiff] must allege that he was denied treatment for an objectively 'serious medical condition.'"). A "sufficiently serious" deprivation can exist if the detainee suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003).

The Fourteenth and Eighth Amendments differ, however, with respect to the second, element required to establish a deliberate indifference claim. Under the Eighth Amendment's "subjective" standard, the inmate must show "that the official acted with a culpable state of mind of 'subjective recklessness,' such that the official knew of and consciously disregarded 'an excessive risk to inmate health or safety.'" *Thomas v. Wolf*, 832 F. App'x 90, 92 (2d Cir. 2020) (citations omitted). By contrast, under the Fourteenth Amendment's "*mens rea*" analysis, a detainee "can allege either that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Darby*, 14 F.4th at 128 (quoting *Charles v. Orange Cnty.*, 925 F.3d 73, 87 (2d

Cir. 2019) (internal quotation marks omitted).  Generally, under either analysis, negligence is not sufficient to state a deliberate indifference claim.  *See Darnell*, 849 F.3d at 36.

Here, the Complaint fails to adequately allege either prong of the deliberate indifference analysis, under either the Eighth Amendment or Fourteenth Amendment.  *See Darnell*, 849 F.3d at 30.

As to the objective, "sufficiently serious medical condition" prong, Plaintiff alleges only that he feared he may have contracted an STD and/or hepatitis-C, and that he was experiencing unusually severe headaches.  *See* ECF No. 1.  But such fears alone do not constitute a medical condition, much less a sufficiently serious one.  Moreover, test results attached to the Complaint indicate that Plaintiff was negative for HIV and syphilis, and the Complaint does not otherwise set forth any factual allegations suggesting that Plaintiff was previously diagnosed with herpes or hepatitis-C.  *See* ECF No. 1 at 14, 16.  Additionally, headaches themselves do not constitute a sufficiently serious medical condition.  *See, e.g.*, *Bradley v. Rell*, 703 F. Supp. 2d 109, 122 (N.D.N.Y. 2010); *see also Gulley v. Ogando*, No. 3:19-CV-612 (SRU), 2019 WL 2502753, at *6 (D. Conn. June 17, 2019) (finding swelling to plaintiff's head and face as insufficient to meet objective prong); *Qader v. New York*, 396 F. Supp. 2d 466, 470 (S.D.N.Y. 2005) (plaintiff's dizziness and "terrible headache" did not constitute a serious medical need).  Therefore, the Court concludes that Plaintiff has failed to plausibly allege a sufficiently serious medical condition, which alone is fatal to his claims.

Nevertheless, the Court further finds that Plaintiff has also failed to plausibly allege the second element required to establish a deliberate indifference claim, under either the Eighth or Fourteenth Amendment.  Put simply, Plaintiff has not sufficiently alleged facts from which the

Court could infer that any Defendant knew or should have known about Plaintiff's "outbreak" and/or severe headaches. While Plaintiff alleges that he expressed concerns to prison staff at HCC and Cheshire about his potential STDs and unusually severe headaches, his first two medical requests from HCC merely seek an STD checkup and make no reference to any purported "outbreak" or severe headaches. *See* ECF No. 1 at 8, 10. In response, Plaintiff was added to the "nurse sick call list" at HCC and informed that labs had been ordered. *See id.* Plaintiff's third request asked for the STD test results and further sought treatment for syphilis, chlamydia, and hepatitis-C, and in response, Defendant Hector indicated that Plaintiff had been "referred to sick call." *See id.* at 12. The Complaint does not set forth any allegations suggesting that Plaintiff thereafter explained his symptoms to medical staff at HCC or Cheshire. In fact, Plaintiff does not even allege that he met with any of the Defendants to discuss his symptoms. Moreover, Plaintiff's test results were all negative, with the exception of a test result indicating a low thyroid level, which does not form the basis for Plaintiff's claims and for which Plaintiff was informed he would be retested in a few weeks. *See* Doc. No. 1 at 22. In light of the foregoing, the Court finds that Plaintiff has not sufficiently alleged that any Defendant knew of and consciously disregarded, or otherwise should have known about the serious risk to Plaintiff's health and safety. Thus, Plaintiff's deliberate indifference claims are dismissed.[4]

**Conclusion**

For all of the reasons set forth herein, the Complaint is **DISMISSED** without prejudice,

---

[4] Given that the Complaint fails to adequately state any Section 1983 claim, the Court accordingly dismisses Plaintiff's claims requesting declaratory or injunctive relief. The Court further observes that Plaintiff's claim for injunctive relief appears to be moot, to the extent that Plaintiff is no longer incarcerated at HCC or Cheshire. *See Boderas v. Ford*, No. 3:05-CV-1242 (CFD), 2006 WL 3318073, at *2 (D. Conn. Nov. 15, 2006) ("an inmate's request for injunctive relief against correctional staff or conditions of confinement at a particular correctional institution becomes moot when the inmate is discharged or transferred to a different correctional institution.") (citing *Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976). Indeed, Plaintiff is now incarcerated at MacDougall-Walker. *See* ECF No. 1.

pursuant to 28 U.S.C. § 1915A(b)(1). If Plaintiff wishes to replead his deliberate indifference to serious medical needs claims against the individual HCC and/or Cheshire Defendants, he may file an Amended Complaint on or before **December 13, 2024**. Plaintiff **may not** include in any Amended Complaint any other claim or Defendant that has been dismissed in this Order (*i.e.*, any purported First and/or Ninth Amendment claims, or any Section 1983 claims against the DOC and/or UConn Health). **An Amended Complaint, if filed, will completely replace the Complaint, and the Court will not consider any allegations made in the original complaint in evaluating any Amended Complaint.** The Court will review any Amended Complaint after filing to determine whether it may proceed to service of process. If an Amended Complaint is not timely filed, the Clerk of Court is directed to close this case.

The Court further advises that if Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that he **MUST** notify the Court. **Failure to do so may result in the dismissal of the case.** Plaintiff must give notice of a new address even if he is incarcerated, and should write "PLEASE NOTE MY NEW ADDRESS" on any such notice. It is not enough to merely put the new address on a letter without indicating that it is a new address. Moreover, if Plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify Defendants and/or defense counsel of his new address.

**SO ORDERED** at Bridgeport, Connecticut this 13th day of November 2024.

    */s/ Kari A. Dooley*
    KARI A. DOOLEY
    UNITED STATES DISTRICT JUDGE